UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, et al., )
                                           )
       Plaintiffs, )
                                           )
       vs. )           Case No. 4:11CV01935 AGF
                                           )
PREMIER EXCAVATING, LLC, )
                                           )
       Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion, accompanied by affidavits and exhibits, for entry of default judgment. For the reasons set forth below, the Court will grant Plaintiffs a default judgment in the amount $16,816.96 for the period of July 1, 2008 through June 30, 2011.

Plaintiffs, the trustees of four employee benefit plans, the Greater St. Louis Construction Laborers Welfare Fund; the Construction Laborers Pension Trust of Greater St. Louis; the St. Louis Vacation Fund-Vacation Plan; and the AGC-Eastern Missouri Laborers Joint Training Fund ("Plaintiff Funds"); the joint boards of trustees, plan sponsors, and fiduciaries of the Plaintiff Funds; and the Local Unions Nos. 42, 53 and 110, Laborers International Union of North America, AFL-CIO (the "Union"), bring this action against Defendant Premier Excavating, LLC, to recover delinquent contributions under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiffs allege that Defendant has been bound by collective bargaining agreements ("CBAs") with the Union

from August 3, 2006, to date, and that Defendant failed to submit the monthly reports and to make the contributions to the Plaintiff Funds required of it under the CBAs. (Doc. No. 5-5 ¶ ¶ 2 &3.) In addition, Plaintiffs assert that the CBAs require the payment of 20% liquidated damages on delinquent contributions, as well as interest, attorneys' fees, and payroll examination and court costs.

Plaintiffs filed their complaint on November 7, 2011, and served the complaint and summons on Defendant by special process server on November 14, 2011. Defendant's answer was due not later than December 5, 2011, but Defendant has failed to file an answer or otherwise respond to the complaint. On December 8, 2011, Plaintiffs filed the present motion, accompanied by affidavits and exhibits, for default judgment against Defendant for the delinquent contributions, interest, liquidated damages, accounting fees, attorneys fees, and costs in the total amount of $16,816.96. Pursuant to Plaintiffs' request, the Clerk of the Court entered the order of default of Defendant by Order dated December 12, 2012. Defendant has not filed a response to Plaintiffs' motion for default judgment.

## **DISCUSSION**

Default judgments are not favored in the law, *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir.1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at *1. (E.D. Mo. Nov. 7, 2011), and their entry is discretionary. *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir.1988). Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right.

10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); *Taylor*, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, a court should satisfy itself that the moving party is entitled to judgment, by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

Entry of default by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir.1998). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir.1973). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir.2004) (citing *Taylor*, 859 F.2d at 1333 n. 7). If the damages claim is indefinite or uncertain, the amount of damages must be proved to a reasonable degree of certainty by affidavit and other supporting documentation or in a supplemental hearing or proceeding. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001). The need for a hearing is within the sound discretion of the district court. *Stephenson v. El Batrawi*, 524 F. 3d 907, 917 (8th Cir. 2008).

Taking the allegations of Plaintiffs' complaint as true, except for those allegations as to the amount of damages, the Court finds that Plaintiffs are entitled to default judgment under ERISA and under the LMRA. *Taylor*, 859 F.2d at 1333. n. 7 (quoting *Brown*, 477

F.2d at 531) ("[A] defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief."). Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiffs. *See Taylor*, 859 F.2d at 1333 n. 7.

Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to recover all delinquent contributions owed pursuant to the payroll examination, plus liquidated damages, interest, attorney's fees and costs. *Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch*, 757 F.2d 184 (8th Cir. 1985); *Landy Packing Co. v. Meatcutters*, 471 F. Supp. 1218 (D. Minn.1979), *aff'd*, 627 F.2d 881 (8th Cir. 1980). Plaintiffs' accountants conducted a payroll examination of Defendant's records for the period of July 1, 2008 through June 30, 2011. The findings of Plaintiffs' accountant are presumptively valid and the burden is on the employer to produce evidence countering the audit. *See, e.g., Greater St. Louis Construction Laborers Welfare Fund, et al. v. Don Richardson Concrete Company*, 755 F. Supp. 1249, 1254 (E.D. Mo. 1991). The payroll examination reflects $4,885.67 in unpaid contributions, $977.15 in liquidated damages, and $112.23 in interest, for a total of $5,975.05. (Doc. Nos. 5-2, 5-4). Since the payroll examination, Defendant also has failed to pay $6,443.04 in contributions and has incurred $1,288.61 in additional liquidated damages (Doc. No. 5-5). The result is that the modified examination report reflects that Defendant failed to pay a total of $11,328.71 in contributions, interest on such contributions in the amount of $112.23, and liquidated damages in the amount of $2,265.76, for a total of $13,706.70 in contributions, liquidated damages, and interest. *Id.* In addition, Plaintiffs incurred $887.00 in payroll examination fees, $1,742.00 in attorneys' fees, and $481.26 in costs. (Doc. Nos. 5-1, 5-2).

Upon review of the record, the Court concludes that Plaintiffs have provided appropriate records and affidavits in support of awards for the delinquent contributions due the Plaintiff Funds and the Union, for interest on these delinquent contributions through July 2011, for liquidated damages on the contributions due to the Plaintiff Funds (Doc. Nos. 5-5 & 5-7), for accounting fees (Doc. No. 5-2), and for attorney's fees and costs (Doc. No. 5-1).

The Court also concludes that the accounting fees requested are reasonable and that the requested attorney's fees of $1742.00 are reasonable, at a billing rate of $165.00 per hour. With regard to the requested costs, consisting of the filing fee and cost of service of the summons and complaint by a special process server, the Court also finds them reasonable and will award Plaintiffs the full amount of these costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED.** (Doc. No. 4)

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs $16,816.96, consisting of $11,328.71 in contributions due to Plaintiffs Funds for the period of July 1, 2008 through June 30, 2011, interest on such contributions in the amount of $112.23, liquidated damages in the amount of $2,265.76, accounting fees in the amount of $887.00, attorney's fees in the amount of $1742.00, and costs of $481.26.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to serve a copy of this Memorandum and Order on Defendant Premier Excavating, LLC at the address of service employed by the special process server.

A separate Default Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2012.